UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVARISTA LOZADA,

    Plaintiff,

v.                                                     Case No.  6:14-cv-1071-Orl-31TBS

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## ORDER

Pending before the Court is Defendant American Airlines, Inc.'s Motion to Strike Plaintiff's Claim for Attorney's Fees in Complaint (Doc. 6).  Plaintiff has not filed a response to the motion and the time within to do so has expired.  (Docket).

Plaintiff was a passenger on an airline flight owned, operated or controlled by Defendant.  (Doc. 1, ¶¶ 5-6).  She alleges that while disembarking the aircraft at Orlando International Airport, she tripped and fell on an uneven exit ramp.  (Id., ¶¶ 7, 10).[1]  Plaintiff claims that Defendant is liable to her in damages for her resulting injuries because it negligently maintained the uneven exit ramp and failed to warn her of the imminent danger posed by the ramp.  (Id., ¶ 9).  Her complaint includes a prayer for attorney's fees.  (Id., p. 3).  She has not alleged a basis for the recovery of her fees.  (Doc. 1).

Defendant argues that under Florida law, Plaintiff is not entitled to attorney's fees, and her prayer for fees should be stricken.  Because the case comes to this

---

[1] Paragraph 10 of the complaint is incorrectly numbers as "7."

Court based upon diversity jurisdiction, Florida law applies.  <u>Hartford Acc. and Indem. Co. v. Beaver</u>, 466 F.3d 1289, 1291 (11th Cir. 2006).

The law of Florida provides: "[i]t is an elemental principle of law in this State that attorney's fees may be awarded a prevailing party only under three circumstances, viz: (1) where authorized by contract; (2) where authorized by a constitutional legislative enactment; and (3) where awarded for services performed by an attorney in creating or bringing into the court a fund or other property." <u>Kittel v. Kittel</u>, 210 So.2d 1, 3 (Fla. 1968).  Fees may also be recoverable "[w]here the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages." <u>City of Tallahassee v. Blankenship & Lee</u>, 736 So. 2d 29, 30 (Fla. 1st DCA 1999) (quoting <u>Northamerican Van Lines, Inc. v. Roper</u>, 429 So.2d 750, 752 (Fla. 1st DCA 1983).  Plaintiff has not alleged any of these grounds.  Accordingly, the Court finds that Plaintiff's prayer for attorney's fees is impertinent and scandalous and it is STRICKEN pursuant to F$_{ED}$.R.C$_{IV}$.P. Rule 12(f).

DONE AND ORDERED in Orlando, Florida, on July 25, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel